IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KHOURY FARRAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:10-CV-952-A |
| | § | |
| FEDERAL CREDIT CORP., ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Before the court for decision is the motion for substituted service filed by plaintiff, Khoury Farrar, on May 19, 2011. After having considered such motion, the affidavits[1] filed in support thereof, and applicable legal authorities, the court has concluded that the motion should be denied.

I.

Plaintiff's Motion and Supporting Affidavits

Plaintiff, by way of Rule 4(e)(1) of the Federal Rules of Civil Procedure and Rule 106(b) of the Texas Rules of Civil Procedure, moves for an order allowing service of process to be made on defendants, Gary Williky ("Williky") and Federal Credit Corp., by leaving a copy of the summons, with the amended

---

[1] Although plaintiff refers to the items provided in support of his motion as declarations, they are actually affidavits, and the court will refer to them as such.

complaint attached, with anyone over sixteen years of age at Williky's home address, or by affixing a copy of the summons, with the amended complaint attached, to the door of Williky's residence.

In support of his motion, plaintiff submitted three affidavits, one by Michael Ingram ("Ingram"), a private process server, one by Scott Strickland ("Strickland"), the operator of the company hired by plaintiff to effect service of process, and one by his attorney, Jerry Jarzombek ("Jarzombek"). Ingram averred, in relevant part, that:

> 2. . . . . I have attempted to serve both Gary Williky and Federal Credit Corp (by serving Gary Williky as its registered agent) at Gary Williky's residence, which is 1312 Tinker Road in Colleyville, Texas 76034. I made the following attempts:
>
> February 25, 2011 at 9:39am: no answer at the door
>
> February 26, 2010 [sic] at 12:16pm: no answer at the door
>
> March 2, 2011 at 10:56am: no answer at the door
>
> March 10, 2011 at 8:14am: no answer at the door; truck in front with license plate indicting [sic] that it is owned by Gary Williky
>
> I am of the opinion that Gary Williky is evading service.

Pl.'s Mot., App. at 2-3. In his affidavit, Jarzombek averred that an attorney named Jennifer DeCurtis ("DeCurtis") contacted him on behalf of Federal Credit Corp., that DeCurtis agreed to

accept process for both defendants, and that he instructed Strickland to mail process for defendants to DeCurtis at an address that DeCurtis had provided. Strickland averred that he sent a summons and amended complaint for Williky and Federal Credit Corp. via certified mail to the address provided by Jarzombek and that, approximately one month later, the envelope containing such documents was returned to him marked "unclaimed."

II.

Analysis

A. Law Pertaining to Substituted Service

Rule 4(e)(1) of the Federal Rules of Civil Procedure provides that a defendant may be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located . . . ." Rule 106(a) of the Texas Rules of Civil Procedure authorizes service of process by personal delivery to the defendant or by mailing process to the defendant by registered or certified mail. Rule 106(b) authorizes substitute methods of service when the plaintiff makes a showing that service by personal delivery or by certified mail was unsuccessful. Rule 106(b) states:

> Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant

3

can probably be found and stating specifically the facts showing that service has been attempted [by personal delivery or by certified mail] at the location named in such affidavit but has not been successful, the court may authorize service

    (1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or

    (2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

The court may authorize substituted service pursuant to Rule 106(b) only if the plaintiff's supporting affidavit strictly complies with the requirements of the rule. Wilson v. Dunn, 800 S.W.2d 833, 836 (Tex. 1990); Fin. Fed. Credit, Inc. v. Constr. Cans, Inc., No. H-09-00801, 2010 WL 231754, at *2 (S.D. Tex. Jan. 20, 2010). The affidavit must state: (1) the location of the defendant's usual place of business or usual place of abode or other place where he can probably be found, and (2) the specific facts showing that service by personal delivery or certified mail was attempted at that location and was unsuccessful. In re J.M.I., 223 S.W.3d 742, 744 (Tex. App.--Amarillo 2007, no pet.).

B.   Application of Law to Facts

Because the affidavits provided by plaintiff in support of his motion do not strictly comply with the requirements of Rule 106(b), the court is not authorizing service in the manners

4

plaintiff has requested. First, the affidavits do not state that either of the locations where plaintiff has attempted service is Williky's usual place of abode or a place where he can probably be found. Although Ingram stated that he attempted service at Williky's "residence," App. at 1, ¶ 2, an individual may have a residence that is not his usual place of abode or a place where he can probably be found. Second, the affidavits do not state that either of the locations where plaintiff has attempted service is Federal Credit Corp.'s usual place of business. The court notes that Rule 106(b) requires service on a corporation to be attempted at the corporation's usual place of business; and, a corporation's usual place of business may not be the residence of its registered agent. Finally, the affidavits do not state any facts showing that the methods of service that plaintiff requests that the court authorize will be reasonably effective to give defendants notice of the suit.

If plaintiff chooses to move again for substituted service, the court expects plaintiff to support his motion with an affidavit or affidavits showing that plaintiff has attempted to serve each defendant in the exact the manner required by Rule 106(b)[2] and that the proposed substitute methods of service will

---

[2]The court would expect an adequate affidavit not only to state that a specified location is the defendant's usual place of business, usual place of abode, or place where he can probably be found, but
(continued...)

5

be reasonably effective at giving defendants notice of this action.

### III.

### Order

Consistent with the foregoing,

The court ORDERS that plaintiff's motion for substituted service be, and is hereby, denied without prejudice to the refiling of a motion accompanied by an adequate affidavit.

SIGNED June 3, 2011.

JOHN McBRYDE
United States District Judge

---

[2](...continued)
also to give the factual basis for any such statement.